Brinkerhoff, J.
There was a motion for new trial after verdict in the court below, which was overruled; but this ruling was not excepted to ; it is not especially assigned for error, nor is there any general assignment of error; it may, therefore, be considered as out of the case.
*The charge which the court below was asked by the defend- [95 ant to give to the jury in the trial, and the refusal of which is made the ground of the first assignment of error, seems, in effect, to have required from the court an expression of opinion on the weight and credibility of testimony. If so, it was certainly right for the court to refuse it. And if this was not its object, the point was fairly covered by the charge which the court did give, and there was no error in the refusal.
But the principal question here presented is, whether, in case of a lease from the 1st of April of one year to the 1st of April in the next year, the contract of lease being silent in respect to an away-going crop, and containing nothing to negative, either expressly or by fair implication, a customary right of the tenant to such crop, a general custom, established in the place where the demised premises are situate, giving to the tenant a right to the away-going crop, annexes such right, by way of incident, to the contract of lease ?
The affirmative of this question was directly held by the court of Kings Bench in Wigglesworth v. Dallison, Douglass, 190, and which was afterward affirmed on error. In that case Lord Mansfield, delivering the opinion of the court, said : “We have thought of this case, and we are all of the opinion that the custom is good. It is just; for he who sows ought to reap, and it is for the benefit and encouragement of agriculture. It is, indeed, against the general rule of law concerning emblements, which are not allowed to tenants who know when their term is to cease, because it is held to be their fault or folly to have sown, when they knew that their interest would expire before they could reap. But the custom of a particular place may rectify what otherwise would bo imprudence or folly. The lease being by deed does not vary the case. The custom does *not alter or contradict the agreement in the case; [96 it only superadds a right which is consequential to the taking, as *97 a heriot may be due by custom, although not mentioned in the grant or lease.”
In Hutton v. Warren, 1 Meeson & Welsby, 466, decided in the court of exchequer as late as 1836, and involving a similar question, the English cases up to that time are reviewed, and the doctrine of Wigglesworth v. Dallison is reaffirmed. Parke, B., there says: “ It has long been settled that in commercial transactions extrinsic evidence of custom and usage is admissible to annex incidents to written contracts, in matters with respect to which they are silent. The same rule has also been applied to contracts in other transactions of life in which known usages have been established and prevailed; and this has been done upon the principle of presumption, that, in such transactions the parties did not mean to express, in writing, the whole of the contract by which they intended to be bound, but a contract with reference to those known usages.”
The like doctrine is held in Pennsylvania; and it would seem that, in that state, no proof of local custom is required, because the customary right of the tenant to the away-going crop is recognized as being established throughout the state. Briggs v. Brown, 2 S. & R. 14; Demi v. Bosler, 1 Penn. 224; 1 Miles, 229; Comfort v. Duncan; Stultz v. Dickey, 5 Binn. 285. So in Delaware. 1 Harrington, 522, Templeman v. Biddle. The doctrine of Wigglesworth v. Dallison is also recognized in Maryland; Dorsey v. Eagle, 7 Gill & J. 331; by the Supreme Court of the United States, in Van Ness v. Pacard, 2 Pet. 148; and, so far as we can ascertain, has not been denied by any of the courts of this country. The question, as applied to contracts of lease, seems not to have been, heretofore, de97] cided by the Supreme Court in this state; but in Wayne *v. Steamboat General Pike, 16 Ohio, 421; Steamboat Albatross v. Wayne, Id. 513, and Inglebright v. Hammond, 19 Ohio, 337, the general doctrine was recognized as applicable to contracts of bailment.
The doctrine of Wigglesworth v. Dallison seems to have been uniformly held, whenever or wherever the question has been presented. It appears to us to be reasonable and just in itself, and tends to the promotion of agriculture; and we can see no reason why contracts of lease should not, as well as mercantile contracts, be construed in reference to general and well-established customs prevalent where the parties to the contract reside, and the subject- *98 matter of the contract is situate. We are of opinion, therefore, that there was no error, either in the admission of the testimony excepted to, or in the charge of the court to the jury.

Judgment affirmed.

Bartley, C. J., and Swan, Bowen, and Scott, J.T., concurred.